### LITCHFIELD COUNTY, JANUARY TERM, A. D. 1792.

#### BACON v. PORTER.

Notes given for land and a bond only taken for a deed, when said notes shall be paid, are valid and good.

ACTION on note dated the 14th of August 1783, for £60 payable in thirty-six months with the interest annually.

Plea in bar — That at the date of the note on which, etc. the defendant and one Peck agreed to purchase of the plain-

tiff about eighty acres of land, at the price of £360 lawful money, for which the defendant and said Peck gave their joint notes, as follows, viz. one for £60 payable in two years with interest, one for £60 payable in three years with interest, one do. payable in four years with interest, one do. payable in five years with interest, one do. payable in six years with interest, one do. payable in seven years with interest, and the plaintiff received said notes in payment for said land, and gave his bond for £1000, conditioned to give a deed of said land to the defendant and said Peck, upon their paying the aforesaid notes by the times therein specified, and upon their failing to make the payments aforesaid, by the times therein specified, said bond to be void; and the defendant and said Peck then entered into the possession of said land, and have used and improved it ever since as their own; one of which notes is the note now in suit, which notes and bond contain the whole agreement between said parties respecting the purchase of said land; and the defendant and said Peck's entering and improving said land as aforesaid, is the only consideration for giving and executing the note on which, etc. by which contract it was at the election of the defendant and said Peck to pay said notes and entitle themselves to a deed of said land or the forfeiture of said bond, or to neglect to pay said notes and render void said contract and agreement. The plaintiff demurred to the plea in bar.

Judgment — That the plea in bar is insufficient and for the plaintiff to recover.

By the COURT. The case is not different from what it would have been, had Bacon given a deed of said land to Porter and Peck, and they had given back a deed to Bacon and taken his bond, conditioned to reconvey said land to them upon their paying said notes, which is common practice, and been sanctioned by the courts without an exception. For if they paid the notes, although not punctually by the time, chancery would decree a conveyance of said land to them

by force of the agreement contained in the condition of the bond.

This judgment was affirmed in the Supreme Court of Errors.